*Tuesday, February 19, 2002*

## MOTION DOCKET

**99–570. DeRolph v. State.**
Perry C.P. No. 22043. Upon consideration of the request of Master Commissioner Howard S. Bellman for an extension of time to file a final report,

IT IS ORDERED by the court that the request for extension of time to file a final report be, and hereby is, granted, and the final report shall be due thirty days from the date of this entry.

RESNICK, F.E. SWEENEY and COOK, JJ., dissent.

**99–889. State v. Lomax.**
Sandusky C.P. No. 96CR448. This cause is pending before the court as a death penalty appeal from the Court of Common Pleas of Sandusky County. On February 11, 2002, appellee filed a motion to vacate this court's order granting appellant's motion to recuse the Sandusky County Prosecutor's Office from representing the state of Ohio in this case. The court determines that appellee's motion to vacate is, in substance, a motion for reconsideration and, whereas S.Ct.Prac.R. XI(2) does not permit the filing of a motion for reconsideration from a decision on a motion,

IT IS ORDERED by the court, *sua sponte,* that the motion to vacate be, and hereby is, stricken.

**99–1113. State v. Lomax.**
Sandusky App. Nos. S–97–037 and S–99–014. This cause is pending before the court as a death penalty appeal from the Court of Appeals for Sandusky County. On February 11, 2002, appellee filed a motion to vacate this court's order granting appellant's motion to recuse the Sandusky County Prosecutor's Office from representing the state of Ohio in this case. The court determines that appellee's motion to vacate is, in substance, a motion for reconsideration and, whereas S.Ct.Prac.R. XI(2) does not permit the filing of a motion for reconsideration from a decision on a motion,

IT IS ORDERED by the court, *sua sponte,* that the motion to vacate be, and hereby is, stricken.

**01–1518. State v. Gapen.**
Montgomery C.P. No. 2000CR02945. This cause is pending before the court as a death penalty appeal from the Court of Common Pleas of Montgomery County. Upon consideration of appellant's motion for an order compelling the court reporter to complete and transmit the trial transcript by February 19, 2002, or for an order granting a forty-day extension of time to file the transcript with the Clerk of the Supreme Court,

IT IS ORDERED by the court that the court reporter make the necessary accommodations to enable the record in this case to be filed within ten days of the date of this entry.

**02–300. Burnett v. State.**
Upon consideration of the Petition to Indefinitely Postpose the Execution of John Byrd now scheduled for 10:00 a.m., on February 19, 2002,

IT IS ORDERED by the court that the petition be, and hereby is, denied, effective February 18, 2002.

**02–300. Burnett v. State.**
Upon consideration for the First Amended Petition to Indefinitely Postpone the Execution of John Byrd now scheduled for 10:00 a.m., on February 19, 2002,

IT IS ORDERED by the court that the petition be, and hereby is, denied, effective February 18, 2002.

**02–301. Byrd v. State.**
Upon consideration of the Petition to Indefinitely Postpose the Execution of John Byrd now scheduled for 10:00 a.m. on February 19, 2002,

IT IS ORDERED by the court that the petition be, and hereby is, denied, effective February 18, 2002.